LOBRANO, J.,
concurs in part and dissents in part with reasons.
hi concur in the majority opinion insofar as it affirms the trial court’s judgment: 1) holding that the Edward Wisner Donation is not a perpetual trust and will in expire in August 2014, based on its finding that the 100-year term included in the trust instrument was a reservation of Mr. Wis-ner’s right “to dissolve, abolish, or destroy” the trust under Act 167 of 1920; and 2) declaring that the Edward Wisner Donation Advisory Committee (“Advisory Committee”) is a public entity subject to the Louisiana Open Meetings Law. I also • concur in the majority opinion insofar it affirms the trial court’s holding that the Mayor did not breach his fiduciary duty as trustee and should not be removed as trustee.
However, I dissent from the majority opinion insofar as it reverses the trial court’s ruling that the Mayor was not required to obtain the approval of the Edward Wisner Donation Advisory Committee before distributing the trust proceeds 12allocated to the City. Unlike the majority, I agree with the trial court’s finding that the Advisory Committee’s role is advisory and, thus, the Mayor was not required to seek permission from the Advisory Committee regarding the distribution of trust proceeds allocated to the City.
In summary, I would affirm the trial court’s October 11, 2013 judgment in its entirety.